UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID LUCIO and ROSE JONES, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

NOW OPTICS, LLC D/B/A STANTON OPTICAL,

Defendant.

Case No. 1:26-CV-04442-KES-FJS

ORDER RE: MOTION FOR ADMINISTRATIVE RELIEF

(ECF No. 16)

On November 3, 2026, Defendant Now Optics, LLC ("Defendant") filed the instant request for a fourteen-day extension of time to respond to Plaintiffs David Lucio and Rose Jones's (collectively "Plaintiffs") first amended complaint (ECF No. 11). (*See* ECF No. 16.) Accordingly, Defendant requests that the court grant them until November 16, 2026, to file their response to Plaintiff's first amended complaint. (*Id.*) Although the five-day period to file an opposition or supporting statement has not yet passed, Defendant provides that they have met and conferred with Plaintiffs' counsel prior to filing of the instant motion. (*Id.* at 3.) Plaintiffs appear amendable to the relief sought by Defendant. Accordingly, the Parties propose a briefing schedule as follows:

- Defendant's deadline to file a response to Plaintiff's first amended complaint be continued from November 5, 2026, to November 19, 2026; and

- Plaintiffs' opposition to any motion be due on December 21, 2026;
- Defendant's reply brief to Plaintiffs' opposition be due on January 11, 2027; and
- A hearing on Defendant's anticipated motion to dismiss be set for February 1, 2027.

(*See id.*)

Local Rule 144(a) provides for the filing of initial stipulations for extensions of time for "no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents," and may be filed without court approval. Local Rule 144(a) also provides that aside from these certain express initial extensions, "[a]ll other extensions of time must be approved by the [c]ourt." Local Rule 144(c) provides that the court may, in its discretion, grant an initial ex parte extension "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." L.R. 144(c). Except for one initial extension, such "applications for extension of time are not ordinarily granted." L.R. 144(c).

Here, the pending request for an extension of time is not accompanied by an affidavit of counsel setting forth reasons why a "stipulation for an extension of time cannot reasonably be obtained." *See* L.R. 144(c). Nonetheless, the pending motion (ECF No. 16) provides good cause as to why this court should grant Defendant additional time to respond to Plaintiff's first amended complaint. Moreover, Defendant's request to alter the briefing schedule, pursuant to Local Rule 233, is likely to conserve judicial resources. Accordingly, the court HEREBY GRANTS IN PART Defendant's motion (ECF No. 16). Pursuant to Local Rules 144 and 233, the court HEREBY ORDERS as follows:

(1) Defendant SHALL file its answer, motion, or other response to the first amended complaint by November 19, 2026;

(2) Plaintiffs shall file any opposition to a motion in response to the first amended complaint by December 21, 2026; and

(3) Defendant shall file any reply by January 11, 2027; and

(4) Defendant's request to set a motion hearing for February 1, 2027, at 1:30 p.m. in Courtroom 6 (KES) is DENIED. The court DECLINES to set a hearing on the anticipated motion prior to its filing on the court docket.

IT IS SO ORDERED.

Dated: **November 6, 2026**

UNITED STATES MAGISTRATE JUDGE